IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., ALAN L. MILLER JONATHAN BLAIR GARBER, and KEVIN P. STANTON,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF EVANSTON, and LORRAINE H. MORTON, Mayor,<br><br>Defendants. | FILED: JUNE 27, 2008<br>08CV 3693<br>JUDGE ASPEN<br>MAGISTRATE JUDGE COLE<br>EDA<br><br>Civil Action No. |

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiffs, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., JONATHAN BLAIR GARBER, ALAN L. MILLER and KEVIN P. STANTON, by and through their attorneys, Stephen P. Halbrook, Esq. and William N. Howard (the latter of Freeborn & Peters LLP), as and for their complaint against Defendants, CITY OF EVANSTON and LORRAINE H. MORTON, its Mayor, state as follows:

1. This is an action to vindicate the rights of residents of Evanston, Illinois, to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution, which guarantees the right of law-abiding citizens to keep handguns in the home for lawful defense of their families and other lawful purposes.

### PARTIES

2. Plaintiff National Rifle Association of America, Inc. (hereafter "NRA") is a non-profit association incorporated under the laws of New York, with its principal place of business in Fairfax, Virginia. NRA has a membership of 4 million persons, some of which reside in or travel

through Evanston, Illinois. The purposes of NRA include the protection of the right of citizens to have firearms for the lawful defense of their families, persons, and property, and to promote public safety and law and order. NRA brings this action on behalf of itself and its members.

3. Plaintiff, Alan L. Miller ("Miller") is a resident of Evanston, Illinois, a citizen of the United States, and a member of the NRA.

4. Plaintiff, Kevin P. Stanton ("Stanton"), is a resident of Evanston, Illinois and a citizen of the United States, and a member of the NRA.

5. Plaintiff, Jonathan Blair Garber ("Garber"), is a resident of Evanston, Illinois and a citizen of the United States, and a member of the NRA.

6. Defendant, Lorraine H. Morton ("Morton"), is the Mayor of the City of Evanston, which is her principal place of business. She is being sued in her official capacity.

7. Defendant, the City of Evanston, is a political subdivision of the State of Illinois. Morton and the City of Evanston and their officers, agents and employees are sometimes hereinafter referred to as "Defendants."

## JURISDICTION

8. Jurisdiction is founded on 28 US.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 US.C. § 1343(3) in that this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the State of Illinois and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

9. This action seeks relief pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. § 1983. Venue lies in this district pursuant to 28 US.C. § 1391(b).

## BACKGROUND

10. The City of Evanston prohibits possession of a handgun. "No person shall possess, in the City of Evanston any handgun, unless the same has been rendered permanently inoperative." Evanston City Code, § 9-8-2. "HANDGUN: Any firearm which: a) is designed or redesigned or made or remade, and intended to be fired while held in one hand or b) having a barrel of less than ten inches (10") in length or c) a firearm of a size which may be concealed upon the person." § 9-8-1. Violation is a misdemeanor punishable by fine of not less than $1,500 and/or incarceration for up to six months. § 9-8-6(A). Any handgun is to be confiscated and destroyed. § 9-8-6(B).

11. Evanston exempts from the handgun prohibition persons "within the confines of their permanent residence" who are "Gun collectors" licensed by the Bureau of Alcohol, Tobacco and Firearms. § 9-8-5(A)(9). "LICENSED FIREARM COLLECTOR: "Any person licensed as a collector by the Secretary of the Treasury of the United States under and by virtue of Title 18, United States Code, section 923." § 9-8-1.

12. Evanston also exempts from the handgun prohibition: "An established theater, provided it maintains possession and control of handguns in a safe place, under control of the designated armorer," when not in use, § 9-8-5(A)(12); and "An established film production organization" approved by the city manager, provided that possession be "in a safe place under control of the designated armorer at all times when not in use for rehearsals or filming." § 9-8-5(A)(13).

13. To qualify for any of these four exemptions, a person "shall be registered with, and approved by, the Evanston police department." § 9-8-5(B). Transportation of handguns by such persons is authorized "if the handguns are unloaded and broken down in a nonfunctioning state or unloaded and not immediately accessible." § 9-8-5(A)(11).

14. Defendant Morton is responsible for enforcing the above provisions through law enforcement agencies under her direction and control.

15. Defendant Morton and the law enforcement agencies that operate under her supervision have no legal duty to protect Evanston residents, including Plaintiffs, from robbery, rape, murder, or any other crime.

## FACTS

16. Plaintiffs Miller, Garber and Stanton, as well as numerous other members of Plaintiff NRA reside in Evanston. But for Evanston City Code §§ 9-8-2 and 9-8-6(A), and the enforcement thereof by Defendants, Plaintiffs Miller, Garber and Stanton, and numerous other NRA members, would forthwith lawfully obtain handguns to keep at home for lawful self-protection. Should they do so in violation of such provisions, they would be subject to arrest, prosecution, imprisonment, and fines.

17. Plaintiffs, and numerous members of Plaintiff NRA, either travel through or need to travel through Evanston. Evanston City Code §§ 9-8-2 and 9-8-6(A), and the enforcement thereof by Defendants, subjects such persons who are otherwise lawfully transporting firearms to the threat of arrest, prosecution, imprisonment, and fines or requires them to travel on other routes to avoid arrest, prosecution, imprisonment, and fines.

18. Plaintiffs Garber and Stanton lawfully own and store handguns outside of the City of Evanston. But for Evanston City Code, §§ 9-8-2 and 9-8-6(A), they would forthwith retrieve such handguns to keep them at their residences in the City of Evanston which could then be used for self-protection and the protection of loved ones.

19. Plaintiff Miller, and other Plaintiff NRA members, wish to obtain and possess handguns to keep in their homes for lawful defense from any unlawful, sudden, deadly attack by an

4

intruder. However, Plaintiff Miller, and other Plaintiff NRA members, face arrest, prosecution, and incarceration should they possess a handgun in violation of Evanston City Code, §§ 9-8-2 and 9-8-6(A). But for Evanston City Code, §§ 9-8-2 and 9-8-6(A), members of NRA and Plaintiff Miller would imminently obtain handguns pursuant to the laws of the United States and the State of Illinois.

20.  As a proximate cause of Evanston City Code §§ 9-8-2 and 9-8-6(A) and the enforcement thereof by Defendants and their agents and employees, Plaintiffs are subjected to irreparable harm in that they are unable to obtain handguns to protect themselves in their homes, subjecting them to endangerment from criminal intruders and violating their Constitutional rights as set forth herein.

## COUNT I

### (Second and Fourteenth Amendments)

21.  Paragraphs 1 through 20 are realleged and incorporated herein by reference.

22.  The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." The Fourteenth Amendment to the United States Constitution provides in part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." The Second Amendment is applicable to the States and political subdivisions thereof through the Fourteenth Amendment.

23.  Because Evanston City Code § 9-8-2 prohibits the possession of a handgun, it infringes on the right of the people, including Plaintiffs and members of Plaintiff NRA, to keep and

bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution and is thus null and void.

WHEREFORE, Plaintiffs pray that the Court:

A. Enter a declaratory judgment that Evanston City Code, § 9-8-2 is null and void because it infringes on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution.

B. Issue preliminary and permanent injunctions enjoining Defendants and their officers, agents and employees, from enforcing Evanston City Code, § 9-8-2.

C. Grant such other and further relief as may be proper.

D. Award Plaintiffs attorneys' fees and costs.

## COUNT II

### (Equal Protection)

24. Paragraphs 1 through 23 are realleged and incorporated herein by reference.

25. The Fourteenth Amendment to the United States Constitution provides that no State shall deny to any person the equal protection of the laws.

26. Possession of handguns is prohibited to persons generally, including Plaintiffs, and to members of Plaintiff, NRA. Evanston City Code, § 9-8-2. However, the following categories of persons are exempted from the prohibition:

    (a) "Gun collectors" licensed by the Bureau of Alcohol, Tobacco and Firearms. § 9-8-5(A)(9).

    (b) "An established theater" provided that handguns are under the control of the designated armorer when not in use. § 9-8-5(A)(12).

6

    (c)    "An established film production organization" approved by the city manager, provided that possession be under control of the designated armorer when not in use. § 9-8-5(A)(13).

27.    The above exemptions irrationally discriminate against all non-exempted persons, including Plaintiffs and members of Plaintiff NRA, denying to them the equal protection of the laws, in violation of the Fourteenth Amendment.

WHEREFORE, Plaintiffs pray that the Court:

A.    Enter a declaratory judgment that Evanston City Code, § 9-8-2 is null and void because it, in conjunction with §§ 9-8-5(A)(9), (12), and (13), violates the equal protection of the laws guaranteed by the Fourteenth Amendment.

B.    Issue preliminary and permanent injunctions enjoining Defendants and their officers, agents and employees, from enforcing Evanston City Code, § 9-8-2.

C.    Grant such other and further relief as may be proper.

D.    Award Plaintiffs attorneys' fees and costs.

## COUNT III

### (18 U.S.C. § 926A)

28.    Paragraphs 1 through 27 are realleged and incorporated herein by reference.

29.    Plaintiffs and members of Plaintiff NRA may lawfully transport firearms through the City of Evanston pursuant to the Firearms Owners' Protection Act of 1986 ("FOP A"), 18 U.S.C. § 926A, which provides:

> Notwithstanding any other provision of any law or any rule or regulation of a State or any political subdivision thereof, any person who is not otherwise prohibited by this chapter from transporting, shipping, or receiving a firearm shall be entitled to transport a firearm for any lawful purpose from any place where he may lawfully possess and carry such firearm to any other place where he may lawfully possess and carry such firearm if, during such

transportation the firearm is unloaded, and neither the firearm nor any ammunition being transported is readily accessible or is directly accessible from the passenger compartment of such transporting vehicle: Provided, That in the case of a vehicle without a compartment separate from the driver's compartment the firearm or ammunition shall be contained in a locked container other than the glove compartment or console.

30. Evanston City Code, § 9-8-2, which prohibits possession of any handgun, and the enforcement thereof by Defendant, Morton, violates the entitlement of persons, including Plaintiffs and members of Plaintiff NRA, to transport firearms pursuant to 18 U.S.C. § 926A, and is thus preempted and void.

WHEREFORE, Plaintiffs pray that the Court:

A. Enter a declaratory judgment that Evanston City Code, § 9-8-2 is null and void because it is preempted by 18 U.S.C. § 926A.

B. Issue preliminary and permanent injunctions enjoining Defendants and their officers, agents and employees, from enforcing Evanston City Code, § 9-8-2.

C. Grant such other and further relief as may be proper.

D. Award Plaintiffs attorneys' fees and costs.

Respectfully Submitted,

**NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., JONATHAN BLAIR GARBER, ALAN L. MILLER and KEVIN P. STANTON,**
Plaintiffs

BY:   s/ William N. Howard
        One of Their Attorneys

Local Counsel:
William N. Howard, Esq.
**FREEBORN & PETERS LLP**
311 S. Wacker Dr., Suite 3000
Chicago, Illinois   60606
(312) 360-6415



Stephen P. Halbrook, Esq.
10560 Main St., Suite 404
Fairfax, VA  22030
(703) 352-7276
(*Pro Hac Vice pending*)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., ALAN L. MILLER JONATHAN BLAIR GARBER, and KEVIN P. STANTON,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF EVANSTON, and LORRAINE H. MORTON, Mayor,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>) |

**<u>LR 3.2 Notification Of Affiliates</u>**

Pursuant to Local Rule 3.2 of the Rules of the United States District Court for the Northern District of Illinois, Plaintiff National Rifle Association of America, Inc., a non-profit corporation, hereby states that it has no publicly held affiliates.

s/ <u>William N. Howard</u>

William N. Howard
One of the Attorney for Plaintiffs.