## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **NATIONAL RIFLE ASSOCIATION, et al.,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | **Case No. 08 C 3693** |
| **CITY OF EVANSTON and LORRAINE H. MORTON, Mayor,** | ) ) ) | **Judge Aspen** |
| | ) ) ) | |
| **Defendants.** | ) ) | |

## ANSWER TO MOTION FOR RECUSAL

### I. INTRODUCTION

This is an action brought by the National Rifle Association and certain individuals who allege they are residents of the City of Evanston. The Complaint challenges the provisions of §9-8-2 of the Evanston Municipal Code which prohibits the possession of a handgun. The challenge is based upon the recent United States Supreme Court opinion in the case of *District of Columbia v. Heller,* in which a provision of the District of Columbia ordinance was held to violate the Second Amendment to the Constitution.

The City of Evanston has pending before the City Council an amendment to the ordinance which would conform the City's ordinance to the ruling of the United States Supreme Court. That particular amendment is due for possible passage on August 11, 2008, having been introduced at the previous City Council meeting. We have provided counsel for the plaintiffs a copy of that proposed ordinance. In the event that the ordinance is adopted, this controversy may very well be moot.

The plaintiffs, however, have filed a motion calling for the recusal of the Honorable Marvin Aspen, the Judge of the United States District Court for the Northern District, to whom this case has been assigned. While the matter may ultimately be moot because of the actions of the City Council, at this point in time, the defendant strongly objects to the Motion for Recusal simply because there is no basis for that motion. The motion is based solely upon an article which appeared in the Chicago Bar Record, a publication of the Chicago Bar Association in 1976. The article was written by Judge Aspen at a time when he had served four years in the Criminal Division of the Circuit Court of Cook County. His distinguished judicial career since that date includes tenure in the Chancery Division of the Circuit Court of Cook County and a long-standing assignment to the Northern District. He is well known as a scholar in the field of criminal law and in fact has been an adjunct professor at the Northwestern University Law School. Prior to his becoming a Circuit Court judge, he served as Assistant Corporation Counsel for the City of Chicago and Assistant State's Attorney for Cook County. His knowledge and background in the field of criminal law is exemplary and his integrity and competence is conceded by the plaintiffs.

The only basis therefore for the motion is based upon an article authored by Judge Aspen 32 years ago. What is most significant about that article, however, is the fact that Judge Aspen was discussing federal regulations of firearms. What is an issue here, is a local regulation. In his article, cited in support of the Motion, Judge Aspen said: "State and local legislation, in my opinion, has been and will continue to be ineffective." That hardly constitutes a bias in favor of the Evanston ordinance.

In the unlikely event that this case continues, we will not be objecting to Judge Aspen continuing to hear the case, notwithstanding his 32-old statement that state and local legislation,

in his opinion, is ineffective. We would rely upon the legal knowledge, integrity and the experience of his long career, rather than looking to an article which deprecates the kind of local legislation which is at issue here which was written more than 32 years ago.

## II.    RECUSAL IS NOT NECESSARY OR APPROPRIATE UNDER §455(a) BECAUSE THERE IS NO BASIS FOR CHALLENGING JUDGE ASPEN'S IMPARTIALITY

The plaintiffs suggest that a judge should disqualify himself from any proceeding in which his impartiality might reasonably be questioned. Even assuming that that is the test, there is nothing in the motion or the supporting documentation which any reasonable person could consider a basis for determining that the court would not be impartial on the consideration of this cause. As the plaintiffs recognize, the leading and determinative case is *Liteky v. U.S.,* 510 U.S. 540, 114 St. 1147 (1994). Any reading of *Liteky*, however, does not support the plaintiffs' position here. In discussing the doctrine of "extrajudicial source" which apparently is what the plaintiffs are urging, the *Liteky* case says at 1155,

> The words connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate,* either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess. . . .

*Liteky* goes on to say in discussing extrajudicial source, "it is so extreme as to display clear inability to render fair judgment." Recusal is not required, merely when the question arises from an extrajudicial source, such as the article written 32 years ago. At 1157, the *Liteky* court said:

> . . . The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for "bias or prejudice" recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for "bias or prejudice" recusal, since *some* opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will *not* suffice. . . .

3

*Liteky* was cited more recently in *Williams v. Anderson,* 460 F.3d 789 (6th Cir. 1006), where at 814, the court said:

> Prejudice or bias in this context means "a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate* , either because it rests upon knowledge that the subject ought not possess . . ., or because it is excessive in degree . . . ." *Liteky v. Untied States,* 510 U.S. 540, 550, 114 S.Ct. 1147, 127 L.Wed.2d 474 (1994). . . .

Judge Aspen's long record on the bench, both in the state and federal court, in both criminal and civil matters, his scholarly accomplishments as a writer and as a law professor, mitigate against any claim of bias. No reasonable person would conclude that he could not fairly and honestly judge the merits of this controversy if called upon. Notwithstanding his view in 1976 that local regulation, such as the ordinance of the City of Evanston, is ineffective, the City is not afraid of appearing before him in this matter.

### III.    NOTHING IN THE MOTION OR SUPPORTING MEMORANDUM SHOWS ANY PERSONAL BIAS OR PREJUDICE CONCERNING THE PLAINTIFFS

The plaintiffs also suggest recusal is required because Judge Aspen has a personal bias or prejudice concerning a party. This argument is apparently based upon the fact that the National Rifle Association of America, Inc. is a plaintiff in this cause. Again, the only argument suggested by the plaintiffs arises from the 1976 article. We do not know whether or not the NRA even existed at that date or whether Messrs. Miller, Garber and Stanton were born, much less residents of the City of Evanston. Certainly, there is no evidence in the plaintiffs' motion to indicate any bias against anybody with respect to litigation, which was filed 32 years later. Certainly, there is no personal animus or malice alleged here.

There is no allegation in the Motion or in the article of a personal bias against anybody or any organization. We do not know nor would we inquire as to Judge Aspen's opinions at this point in time. We are confident that his dedication to the law including the opinions of the

4

United States Supreme Court would obviously override any personal preferences which he may have expressed 32 years ago. In short, there is no reasonable inference that Judge Aspen harbors a bias which would prevent him from a fair application of the law if this matter should ever be litigated before him.

It is a quantum leap to assume that the Judge would be prejudiced or biased against these plaintiffs because they own guns. Judge Aspen's lamentation 32 years ago should be considered his view at that time regarding federal legislation and certainly does not require the conclusion that he is in any way biased against the individual plaintiffs.

Given his long record on the bench, his scholarly achievements and his admitted integrity by the plaintiffs in their Memorandum, it can hardly be said that there is any significant doubt as to his impartiality in this matter.

**CONCLUSION**

There is nothing in the Motion or the supporting Memorandum based upon a 32-old article in which Judge Aspen deprecates the effectiveness of local gun legislation to suggest to any reasonable person that the plaintiffs could not get a fair trial before him. The flat statement in the plaintiffs' Memorandum that Judge Aspen has a personal bias or prejudice concerning a party in this case is simply without any basis or support in the record

WHEREFORE, we respectfully request that the Motion for Recusal be denied.

Respectfully submitted,

City of Evanston, et al.,
Defendants


s/ Jack M. Siegel____

Jack M. Siegel

5

Corporation Counsel,
City of Evanston
Holland & Knight LLP
131 S. Dearborn St., 30th Fl.
Chicago, IL  60603
 (312) 578-6530

# 5529197_v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NATIONAL RIFLE ASSOCIATION, et al.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08 C 3693** |
| | ) | |
| **CITY OF EVANSTON and** | ) | **Judge Aspen** |
| **LORRAINE H. MORTON, Mayor,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**NOTICE OF FILING**</u>

To:    William N. Howard, Esq.
       Freeborn & Peters LLP
       311 S. Wacker Drive, Suite 3000
       Chicago, IL 60606

       Stephen P. Halbrook, Esq
       10560 Main Street, Suite 404
       Fairfax, VA 22030

       PLEASE TAKE NOTICE that on August 11, 2008, I filed electronically with the Clerk of the United States District Court For the Northern District of Illinois Defendants' Answer to Motion for Recusal.

Respectfully submitted,

City of Evanston, et al.,
Defendants

s/ Jack M. Siegel

Jack M. Siegel
Corporation Counsel,
City of Evanston
Holland & Knight LLP

131 S. Dearborn St., 30th Fl.
Chicago, IL 60603
(312) 578-6530

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing Notice of Filing together with Defendants' Answer to Motion for Recusal were served electronically on the following attorneys:

:       William N. Howard, Esq.
        Freeborn & Peters LLP
        311 S. Wacker Drive, Suite 3000
        Chicago, IL 60606

        Stephen P. Halbrook, Esq
        10560 Main  Street, Suite 404
        Fairfax, VA 22030

On August 11, 2008.

s/Jack M. Siegel_____
Jack M. Siegel

# 5533891_v1