IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., ALAN L. MILLER, JONATHAN BLAIR GARBER, and KEVIN P. STANTON, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.  08 CV 3693 |
| CITY OF EVANSTON, and LORRAINE H. MORTON, Mayor, | ) ) ) ) | Judge Aspen |
| Defendants. | ) | |

**REPLY IN SUPPORT OF MOTION FOR RECUSAL**

In its Response Brief, the Defendant City of Evanston ("Evanston") goes to great lengths to avoid the simple issue before this Court – "whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *In re Hatcher,* 150 F.3d 631, 637 (7th Cir. 1998). Such is not surprising as Evanston cannot dispute that Judge Aspen has admitted a bias in favor of strict firearm regulation that would cause a reasonable person to doubt his impartiality in determining a case concerning handgun prohibitions. As such, recusal is not only appropriate, but is clearly warranted in this case.[1]

I.   **The Proper Test For Recusal Is "The Appearance of Impartiality" And Not the Test Of Actual, Proven Bias; In This Case, Because A Reasonable Person Would Doubt Judge Aspen's Impartiality, Recusal Must Be Ordered.**

As set out in the Memorandum in Support of Motion for Recusal filed by National Rifle Association of America, Inc. ("NRA"), Jonathan Blair Garber ("Garber"), Alan L. Miller,

---

[1]   Evanston proffers that the Motion for Recusal is moot due to an amendment to its handgun restriction ordinance.  Since the question of mootness has not been briefed, much less decided, by this Court, and given that this case is an active matter on this Court's docket, consideration of the Motion for Recusal should not be delayed or ignored.

1

("Miller") and Kevin P. Stanton ("Stanton") (collectively "Plaintiffs"), Plaintiffs do not doubt that Judge Aspen is of the highest integrity, notwithstanding Evanston's innuendo to the contrary. However, Judge Aspen's integrity is not at issue. Instead, the test for recusal is "whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *In re Hatcher*, 150 F.3d at 637. This test "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry." *Hatcher*, 150 F.3d at 637 (citing *Hook v. McDade*, 89 F.3d 350 (7th Cir. 1996)). And, "it is essential to hold in mind that these outside observers are less inclined to credit judges' impartiality and mental discipline than the judiciary itself will be." *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990). Because maintaining the integrity of the judicial system is of the foremost importance, "[d]isqualification should be granted when there is any doubt as to whether disqualification would be appropriate." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).

Evanston would have this Court believe that proven bias, or even "personal animus or malice" must be found before recusal can be ordered. (*See, e.g.,* Evanston's Response to Motion for Recusal, pp. 4-5.) Evanston latches onto *Liteky v. United States,* 510 U.S. 540 (1994) as if it somehow limits recusal in situations involving extrajudicial sources and sets a standard different than the objective "appearance of bias" standard described in the Seventh Circuit's *Hook* decision. *Liteky* does no such thing.[2] The thrust of *Liteky* is that the type of partiality or bias

---

[2] Nor does *Williams v. Anderson*, 460 F.3d 789 (6th Cir. 2006), stand for the proposition that the measure of impartiality must be "wrongful or inappropriate" or "excessive in degree." (Evanston's Response to Motion for Recusal, p. 4.) Such language, cited out of context by Evanston, refers *only* to a personal bias or prejudice concerning a party and not to situations where a judge's "impartiality might reasonably be questioned." *Williams*, 460 F.3d at 814.

that typically requires recusal originates from extrajudicial sources,[3] such as Judge Aspen's article, and not from knowledge gained during the course of a particular matter. *Liteky,* 510 U.S. at 550, 555. Evanston's suggestion to the contrary – that extrajudicial bias does not require recusal – thus completely misapprehends *Liteky*. Additionally, the *Liteky* court affirmed the objective standard for recusal, holding that it "is not the reality of bias or prejudice, but its appearance" that is dispositive. *Liteky,* 510 U.S. at 548.

Evanston cannot refute that Plaintiffs have more than adequately demonstrated grounds which would cause a reasonable person to doubt Judge Aspen's impartiality. For instance, Judge Aspen has stated the he "***freely confess[es] to a bias*** in favor of the enactment of new federal gun control legislation." (Ex. 1 to Memo., *Chicago Bar Record* article authored by Judge Aspen (the "Article"), p. 186, column 1) (emphasis added).) In the same Article, Judge Aspen voiced his opinion on the need for strong legislation banning handguns. (*Id.* at p.186, column 2; p. 190, column 2.) This is the very type of extrajudicial bias the Supreme Court held could give rise to the need for recusal. And, even if Evanston would rather look to judicial sources for Judge Aspen's bias, he stated in his Article that his opinion was based both on his time "as [a] prosecutor, as draftsman of several legislative gun control proposals, and for the past four years as a judge ...." (*Id.* at p. 186, column 1.) Given that the matter before this Court concerns the legality of certain handgun restrictions, it is more than likely that a reasonable person would question Judge Aspen's impartiality in light of his Article supporting handgun restrictions. As a result, recusal is warranted.

---

[3] The "extrajudicial source doctrine" discussed in *Liteky* is nothing more than a description of past courts' attempts to limit recusal to situations in which bias or inappropriate knowledge originates outside the litigation at issue. The Supreme Court rejected this strict standard, holding instead that, although recusal rarely will be appropriate when the judge's knowledge or bias arises during litigation, such knowledge or bias may require recusal in some cases.

3

## II. Evanston's Additional Arguments Fail To Overcome The Strong Grounds For Recusal.

Evanston's arguments that the Article is not relevant because it is 32 years old and only concerned federal firearm restrictions are unconvincing. First, unless there is evidence published in the public forum that Judge Aspen has changed or softened his views regarding gun legislation, a reasonable person would not assume that his admitted bias has changed. In fact, the force with which he expresses his views in the Article would cause a reasonable person to believe that his views have, at least, remained the same – if not grown over time. The Article's age thus does nothing to diminish the need for recusal.

Indeed, the Article states, in note one, that it was "adapted from the author's testimony before Congress," and excerpts are currently available on the internet under the title "There Should Be Stricter Gun Control Laws - Statement Of Judge Marvin E. Aspen, Criminal Division, Circuit Court Of Cook County, Il, Before The Subcommittee On Crime, House Committee On The Judiciary, April 14, 1975." (Article, n.1; Ex. 1, Statement of Judge Aspen before Subcommittee on Crime.)[4] The testimony advocated "Reducing or eliminating the private ownership of handguns by private citizens . . . ." (Ex. 1, Statement of Judge Aspen before Subcommittee on Crime.) In terms of public perception, this represents Judge Aspen's view on the subject, then and now.

The Article's focus on federal firearm restrictions also is irrelevant. Judge Aspen's Article, while set in the context of favoring new federal regulations, spoke to the issue of firearm

---

[4] The Statement of Judge Aspen before the Subcommittee on Crime is available at http://www.libraryindex.com/pages/1801/There-Should-Be-Stricter-Gun-Control-Laws-STATEMENT-JUDGE-MARVIN-E-ASPEN-CRIMINAL-DIVISION-CIRCUIT-COURT-COOK-COUNTY-IL-BEFORE-SUBCOMMITTEE-ON-CRIME-HOUSE-COMMITTEE-ON-JUDICIARY-APRIL-14-1975.html (visited Aug. 15, 2008).

restrictions in general. Judge Aspen voiced a strong opinion in favor of strict regulations. Handgun restrictions are the very topic before this Court. Just because the Article does not address the Evanston restriction specifically does not mean that Judge Aspen's partiality in favor of handgun restrictions generally cannot be questioned.

Finally, Evanston's argument that the Article would not lead a reasonable person to suspect his bias against the Plaintiffs is disingenuous. According the Judge Aspen, the Article seeks to "highlight[] the widespread misconception that possession of handguns is an effective means of home defense against a potential felon." (Article at p. 186, column 1.) In this case, Plaintiffs allege, in part, that they would lawfully obtain handguns to keep at home for self-protection but for Evanston's prohibition. (Complaint, ¶¶ 16-19.) And, Judge Aspen criticizes the "calculated exploitation of this misconception by some self-interest groups," such as the NRA. (Article at p. 186, column 1.) In this case, the NRA is indeed an interested group. Judge Aspen's description of homeowners as "misconceived" and interest groups as "exploitative," would cause a reasonable person to conclude that he harbors a bias against those people. In claiming that "[t]here is no allegation in the Motion or in the article of a personal bias against anybody or any organization," Evanston thus conveniently ignores the portion of Judge Aspen's Article that seemingly singles out "self-interest" groups like the NRA and "misconceived" persons such as the individual Plaintiffs.[5]

---

[5] In response to Evanston's inquiry, the NRA was founded in 1871. However, the year of the NRA's founding and whether the individual Plaintiffs were born prior to the Article's publication is of no relevance. Evanston's arguments as to these points are simply a smokescreen to cover the fact that it cannot refute that Judge Aspen's Article reasonably and unequivocally creates the impression of bias and the appearance of partiality.

5

### Conclusion

Plaintiffs do not question Judge Aspen's integrity, skill or experience, and Evanston's allegations suggesting otherwise are inappropriate and simply not made in good faith. However, Judge Aspen's Article would cause a reasonable person to question his impartiality on the matters directly at issue in this case. That is the standard for recusal, and recusal is therefore warranted.

WHEREFORE, Plaintiffs respectfully request that Judge Aspen recuse himself from this matter.

Dated: August 15, 2008            Respectfully Submitted,

**NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., JONATHAN BLAIR GARBER, ALAN L. MILLER and KEVIN P. STANTON,**
Plaintiffs

BY:     s/ William N. Howard
        One of Their Attorneys

Local Counsel:
William N. Howard, Esq.
**FREEBORN & PETERS LLP**
311 S. Wacker Dr., Suite 3000
Chicago, Illinois 60606
(312) 360-6415

Stephen P. Halbrook, Esq.
10560 Main St., Suite 404
Fairfax, VA 22030
(703) 352-7276
(*Pro Hac Vice pending*)

## CERTIFICATE OF SERVICE

The undersigned attorney states that he caused a true and correct copy of the **Plaintiffs' Reply in Support of Motion for Recusal,** to be served upon the parties of record, as shown below, via the Court's CM/ECF on the **15th** day of **August, 2008**.

>Jack M. Siegel
>Holland & Knight LLP
>131 South Deaborn St., 30th Floor
>Chicago, IL 60603
>(312) 578-6530
>Email: jack.siegel@hklaw.com
>***Atty. For Evanston / Mayor***

BY: ____s/ William N. Howard____

1603129v3