IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 08 C 3693 |
| CITY OF EVANSTON and LORRAINE H. MORTON, Mayor, | ) ) ) ) ) ) ) ) | Judge Aspen |
| Defendants. | ) | |

## MOTION TO DISMISS UNDER RULE 12(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

NOW COMES the defendants, CITY OF EVANSTON and LORRAINE H. MORTON, Mayor, Defendants herein, by Jack M. Siegel, Holland & Knight LLP, their attorney, and pursuant to Federal Rule 12(b) moves this Honorable Court to dismiss the cause for failure to state a claim upon which relief can be granted for the reason that the case is now moot. In support of said Motion, defendants say as follows:

1. This is a Complaint for Declaratory Judgment and Injunctive Relief brought by the plaintiffs challenging the provisions of Evanston City Code, §9-8-2, which at the time of filing provided that "no person shall possess in the City of Evanston any handgun unless the same has been rendered permanently inoperative."

2. The Complaint herein sought a declaration that §9-8-2 is null and void as a violation of the right of the people to keep and bear arms in violation of the Second and Fourteenth

Amendments to the Constitution of the United States and further that said §9-8-2 was a denial of equal protection and a violation of 8 U.S.C. 926(a).

3. On August 11, 2008, the City Council of the City of Evanston adopted an ordinance amending Title 9, Chapter 8 of the City Code "Weapons". Attached hereto and made part of this Motion as Exhibit A is a true and correct copy of Ordinance 91-0-08. This court may take judicial notice of said ordinance pursuant to Rule 201 of the Federal Rules of Evidence.

4. Said Ordinance amends §9-8-2 to specifically provide "No person shall possess in the City of Evanston any handgun except when said handgun is kept at the residence of said person for self-protection provided that said person possesses a current and valid firearm owner's identification card issued by the State of Illinois." Said amendment to §9-8-2(A) conforms with the decision of the United States Supreme Court in the case of *District of Columbia v. Heller* and is in all respects constitutional.

5. The Complaint herein also alleges that §9-8-2 prior to amendment violated the provisions of 18 U.S.C. §926(a) and was therefore preempted and void. §9-8-2 in the form attacked in the Complaint is no longer part of the Code of the City of Evanston. Said 18 U.S.C. §926(a) is not applicable to the ordinance of the City of Evanston as amended. The provisions of 18 U.S.C. §927 specifically provide that §926 was not intended to occupy the field to the extent of preempting legislation such as the ordinance of the City of Evanston which is a home rule municipality. *Fresno Rifle & Pistol Club, Inc. v. Van de Kamp*, 946 F.Supp. 1415, affirmed 965 F.2d 723; *Coalition of New Jersey Sportsmen v. Florio*, 744 F.Supp. 602; *Gary ex rel. King v. Smith & Wesson*, 94 F.Supp.2d 947.

2

6. The relief sought by the Complaint is a declaratory judgment that the provisions of §9-8-2 of the Evanston City Code is unconstitutional and void. By virtue of the adoption of Ordinance No. 91-O-08, the controversy has been rendered moot.

7. The practice and history of the City of Evanston has been not to enforce the provisions of §9-8-2. When criminal acts take place involving firearms, the perpetrator is booked for the criminal incident and unlawful possessions of weapons under the State Criminal Code. The lack of enforcement made the risk of prosecution under the former Ordinance too remote to confer standing upon the plaintiffs herein. *Lawson v. Hill,* 368 F.3d 955 (7th Cir. 2004). Any purported prosecution under §9-8-2 of the plaintiffs herein was so remote as to deny them standing to bring this action.

WHEREFORE, it is respectfully prayed that the Complaint heretofore filed herein be dismissed and judgment be entered for the defendants who shall have their reasonable costs and attorneys fees.

> Respectfully submitted,
> CITY OF EVANSTON, et al.,
> Defendants
>
> s/ Jack M. Siegel
>
> Jack M. Siegel
> Corporation Counsel,
> City of Evanston
> Holland & Knight LLP
> 131 S. Dearborn St., 30th Fl.
> Chicago, IL 60603
> (312) 578-6530

# 5548615_v1

# EXHIBIT A

Certificate as Keeper of
Records, Files and Seals
---

STATE OF ILLINOIS )
                  ) §
COUNTY OF COOK    )

I, RODNEY GREENE, City Clerk of the City of Evanston in the County of Cook and State aforesaid, and Keeper of the Records, Files and Seal of said City, do hereby certify that attached hereto is a true and correct copy of Ordinance 91-O-08, which amends Title 9, Chapter 8 of the City Code, "Weapons"

all of which appear from the records and files in my office.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal of the City of Evanston this

~~12th~~ day of August 20 08

_____
City Clerk

7/18/2008

## 91-O-08

## AN ORDINANCE

## Amending Title 9, Chapter 8 of the City Code, "Weapons"

NOW BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF EVANSTON, COOK COUNTY, ILLINOIS:

**SECTION 1:** That Section 9-8-2 of the Evanston City Code of 1979, as amended, is hereby further amended to read as follows:

**9-8-2: POSSESSION:**

(A) No person shall possess, in the City of Evanston any handgun, except when said handgun is kept at the residence of said person for self-protection, provided that said person possesses a current and valid Firearm Owner's Identification card issued by the State of Illinois.

(B) No person shall possess any handgun in the City of Evanston if:

    (1) He or she is under eighteen (18) years of age and said handgun is of a size which may be concealed upon the person; or

    (2) He or she is under twenty-one (21) years of age and has been convicted of a misdemeanor other than a traffic offense or adjudged delinquent; or

    (3) He or she is a narcotics addict; or

    (4) He or she has been a patient in a mental hospital within the past five (5) years; or

    (5) He or she is mentally retarded.

**SECTION 2:** That Section 9-8-5 of the Evanston City Code of 1979, as amended, is hereby further amended to read as follows:

91-O-08

**9-8-5: GENERAL EXEMPTIONS:**

(A)  Section 9-8-2 (A) of this Chapter shall not apply to or affect the following:

1.  Peace officers.

2.  Persons, who in the performance of their official duties as defined by Illinois or federal law or Evanston ordinance are required to carry handguns.

3.  Retired peace officers in compliance with the requirements of the "Law Enforcement Officers Safety Act" of 2004, 18 USC 926(c), as amended.

4.  Wardens, superintendents and keepers of prisons, penitentiaries, jails and other institutions for the detention of persons accused or convicted of an offense.

5.  Members of the armed services or reserve forces of the United States or the Illinois National Guard, while in the performance of their official duties.

6.  Any person summoned by any peace officer to assist in making arrests or preserving the peace while that person is actually engaged in assisting such officer and if such handgun was provided by the peace officer or was otherwise legally possessed under this Chapter.

7.  Special agents employed by a railroad or a public utility to perform police functions; guards of armored car companies, watchmen while actually engaged in the performance of their duties of employment and security guards actually and regularly employed in commercial or industrial operation for the protection of persons employed and private property related to such commercial or industrial operation, provided said security guards are in compliance with 720 Illinois Compiled Statutes 5/24-2(a)(6), as amended, relating to registration, training, and other requirements imposed by the Illinois department of professional regulation, while actually engaged in the performance of the duties of their employment or commuting between their homes and places of employment.

8.  Agents and investigators of the Illinois Legislative Investigating Commission authorized by the Commission to carry handguns.

91-O-08

9. Gun collectors, licensed by the Bureau of Alcohol, Tobacco, Firearms, and Explosives, within the confines of their permanent residence.

10. A person who possesses an antique handgun within the confines of their permanent residence.

11. Transportation of handguns by those persons authorized under Subsections (A)9, (A)10, (A)12, (A)13, (A)14, and (A)15 of this Section to possess handguns, if the handguns are unloaded and broken down in a nonfunctioning state or unloaded and not immediately accessible.

12. An established theater, provided it maintains possession and control of handguns in a safe place, under control of the designated armorer, at all times when they are not being used for rehearsals, performances, or class purposes on the theater premises; and members of theatrical casts and crews while such persons are using said handgun on the theater premises.

13. An established film production organization, provided it has prior written approval from the city manager or his or her designee to conduct its activities in the city, and provided that the use of the handgun was disclosed in the request for approval, and is used in accordance with any requirements imposed in the approval including, but not limited to, maintaining possession and control in a safe place under control of the designated armorer at all times when not in use for rehearsals or filming.

14. Persons utilizing a "starter" handgun solely capable of firing blank ammunition during an athletic event sponsored by a publicly- or privately-owned educational institution located in Evanston.

(B) To qualify for the exemptions of Subsections (A)9, (A)10, (A)12, and (A)13 of this Section, persons so defined shall be registered with, and approved by, the Evanston Police Department.

**SECTION 3:** That if any provision of this Ordinance 91-O-08 or application thereof to any person or circumstance is ruled unconstitutional or otherwise invalid, such invalidity shall not affect other provisions or applications

91-O-08

of this Ordinance that do not depend upon the invalid application or provision, and each invalid provision or invalid application of this Ordinance is severable.

**SECTION 4:** That all ordinances or parts of ordinances in conflict herewith are hereby repealed.

**SECTION 5:** That this Ordinance 91-O-08 shall be in full force and effect from and after its passage, approval, and publication as provided by law.

Introduced: *August 11*, 2008　　Approved:

Adopted: *August 11*, 2008　　*August 12*, 2008

*Lorraine H. Morton*
Lorraine H. Morton, Mayor

Attest:

*Rodney Greene*
Rodney Greene, City Clerk

Approved as to form:

Elke Tober-Purze, Interim
First Assistant Corporation Counsel

~4~