IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No. 08 C 3693 |
| CITY OF EVANSTON and LORRAINE H. MORTON, Mayor, | ) ) ) ) ) ) ) ) ) | Judge Aspen |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### I. INTRODUCTION

This is an action brought by the National Rifle Association ("NRA") and three reputed residents of the City of Evanston who are allegedly members of the NRA. They seek a declaratory judgment and injunction against the City of Evanston and the Mayor of Evanston alleging that §9-8-2 of the Evanston City Code which bars the possession of handguns in the City of Evanston is unconstitutional as a violation of the Second Amendment. The case was filed after the United States Supreme Court in *Heller v. District of Columbia* held that the District's ordinance which banned handguns was a violation of the Second Amendment and therefore unconstitutional.

On August 11, 2008, the Evanston City Council adopted Ordinance No. 91-O-08 amending Title 7, Chapter 8 of the City Code "Weapons". The section challenged by the plaintiffs (§9-8-2) was amended to provide "No person shall possess in the City of Evanston any handgun except when said handgun is kept at the residence of said person for self-protection;

provided that said person possesses a current and valid firearm owner's identification card issued by the State of Illinois." The ordinance also adopted certain provisions of the State Criminal Code relating to unlawful use of weapons. The purpose of the Ordinance was to conform to the Supreme Court's decision in *Heller*.

Based upon the Ordinance adopted on August 11, 2008, the defendant City has filed a Motion to Dismiss under Rule 12. The Motion asked the court to take judicial notice of the ordinance as permitted under rule 201 of the Federal Rules of Evidence. The Motion asserts that the controversy is now moot because the section of the ordinance attacked is no longer the law in the City of Evanston. The entire Complaint is based upon a challenge to §9-8-2 in effect at the time when the lawsuit was filed but which is no longer in effect. The motion also points out that the Ordinance has not been utilized when the Police Department has in fact apprehended perpetrators who utilize a handgun. The charge is that of unlawful possession under the state Criminal Code rather than the City Ordinance. There simply is no longer a case in controversy and the Motion asks this Court to dismiss the case with prejudice.

## II.　THE CASE IS MOOT AND SHOULD BE DISMISSED

The Complaint in this action is wholly based upon the allegation that §9-8-2 of the Evanston City Code as it existed at the time the lawsuit was filed violates the Second Amendment. By virtue of Ordinance No. 91-O-08, that section has now been amended to permit an exception "when said handgun is kept at the residence for said person for self-protection, provided that said person possesses a current and valid firearm owner's identification card issued by the State of Illinois."

Although the ordinance in question was not actively enforced by the City, which relied upon the Criminal Code when a handgun was involved in a crime, the ordinance reflected a

policy decision on the part of the City Council. When the Supreme Court decision in *Heller* was announced, the Council determined that it was no longer desirable to retain the ordinance as written. The City Council determined that given the lack of enforcement over more than twenty years and the ability to utilize the State Criminal Code, there was no longer any purpose in attempting to litigate the issues raised by this action and therefore determined to amend the ordinance to conform with the Supreme Court decision.

The adoption of the ordinance amendment renders this controversy moot. *Federation of Advertising Industry v. City of Chicago*, 326 F.3d 924; *Zessar v. Keith*, 200 WL 3012169 (7th Cir. Ill.).

Moreover, in *Lawson v. Hill*, 368 F.3d 955 (2004), the Seventh Circuit determined that when as here, the risk of prosecution was so remote there was no standing to bring the action to challenge the ordinance. In *Lawson* the court held that there must be a real dispute in order to grant standing. The history of non-enforcement as well as the fact that the ordinance on which the plaintiffs base their case no longer exists requires dismissal of this case.

Count III of the Complaint is allegedly based upon 18 U.S.C. §926(a) and the contention that the plaintiffs and the members of NRA may lawfully transport firearms through the City of Evanston pursuant to the Firearms Owners Protection Act and specifically 18 U.S.C. §926(a). This Count relies upon the alleged invalidity of §9-8-2 which is no longer in effect. Moreover, the provisions of 18 U.S.C. §926(a) upon which the plaintiffs rely are not applicable. 18 U.S.C. §927 provides that the provisions of that chapter (including §926) shall not be construed as an intent on the part of Congress to preempt the field. *Fresno Rifle & Pistol Club, Inc. v. Van de Kamp*, 946 F.Supp. 1415, affirmed 965 F.2d 723. Count III does not state a cause of action given the amendment to §9-8-2.

## CONCLUSION

Based on the foregoing, we respectfully suggest that this cause is now moot and should be dismissed.

>Respectfully submitted,
>CITY OF EVANSTON, et al.,
>Defendants
>
>s/ Jack M. Siegel
>
>Jack M. Siegel
>Corporation Counsel,
>City of Evanston
>Holland & Knight LLP
>131 S. Dearborn St., 30th Fl.
>Chicago, IL  60603
>(312) 578-6530

# 5548758_v1