UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., ALAN L. MILLER, JONATHAN BLAIR GARBER, and KEVIN P. STANTON, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08 C 3693 |
| CITY OF EVANSTON and LORRAINE H. MORTON, Mayor, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Defendants' Motion to Dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. Defendants contend that Plaintiffs' action is moot because the City of Evanston ("Evanston") amended the challenged ordinance, which previously prohibited possession of a handgun. For the reasons set forth below, we grant the motion, without prejudice.

### BACKGROUND

On June 26, 2008, the Supreme Court issued its landmark decision in *Heller v. District of Columbia*, holding that the Second Amendment of the United States Constitution confers an individual right to keep and bear arms. 128 S. Ct. 2783, 2799, 2822 (2008). Plaintiffs filed this action the next day, challenging Evanston's then-existing ban on handgun possession. Pursuant to Evanston City Code ("Code") § 9-8-2, as effective when Plaintiffs filed the lawsuit, no person could possess any handgun, unless it was inoperative or the individual qualified for one of the

various exemptions described at § 9-8-5. (Compl. ¶¶ 10-13.) Those exemptions applied, for example, to gun collectors, established theaters, and established film production organizations, under certain conditions. (*Id.* ¶¶ 11-13.) Code § 9-8-6 classified unlawful possession of a handgun as a "misdemeanor punishable by fine of not less than $1,500 and/or incarceration for up to six months." (*Id.* ¶ 10.) In addition, the handgun at issue would be "confiscated and destroyed." (*Id.*)

In their Complaint for Declaratory and Injunctive Relief, Plaintiffs alleged that "[b]ut for [Code] §§ 9-8-2 and 9-8-6(A), and the enforcement thereof . . . [they] would forthwith lawfully obtain handguns to keep at home for lawful self-protection." (*Id.* ¶ 16; *see* ¶¶ 17-20.) Moreover, "[b]ut for [Code] §§ 9-8-2 and 9-8-6(A)," Plaintiffs Garber and Stanton would retrieve the guns they already owned, but stored outside Evanston, so that their guns "could then be used for self-protection and the protection of loved ones." (*Id.* ¶ 18.) Plaintiffs generally alleged that, under the Code, they would be subject to "arrest, prosecution, imprisonment, and fines" if they obtained handguns for lawful self-protection or otherwise transported legally-owned handguns into or through Evanston. (*Id.* ¶¶ 16-20.)

Specifically, in Count I of their Complaint, Plaintiffs alleged that Code § 9-8-2 "infringes on the right of the people, including Plaintiffs and members of Plaintiff NRA, to keep and bear arms as guaranteed by the Second and Fourteenth Amendments . . . and is thus null and void." (*Id.* ¶ 23.) In Count II, Plaintiffs alleged that the Code's exemption of certain people at § 9-8-5 "irrationally discriminates against all non-exempted persons, . . . denying to them the equal protection of the laws." (*Id.* ¶¶ 26-27.) Count III claimed that the Code's handgun prohibition also conflicts with Plaintiffs' rights under 18 U.S.C. § 926A to transport firearms. (*Id.* ¶¶ 29-30.)

As a remedy for each violation, Plaintiffs asked that we "[e]nter a declaratory judgment that [Code] § 9-8-2 is null and void," and enjoin "Defendants and their officers, agents and employees from enforcing [Code] § 9-8-2." (*Id.* at 6-8.) Although Plaintiffs also requested attorneys' fees and costs, they did not seek damages.

In response to the *Heller* decision and this lawsuit, Evanston amended Code §§ 9-8-2 and 9-8-5 ("Amended Code") on August 11, 2008. The Amended Code provides that "[n]o person shall possess, in the City of Evanston any handgun, except when said handgun is kept at the residence of said person for self-protection, provided that said person possesses a current and valid Firearm Owner's Identification card issued by the State of Illinois." (Mot., Ex. A, Amended Code § 9-8-2(A).) Evanston filed the present motion on August 18, 2008, contending that the Amended Code moots Plaintiffs' action.

## ANALYSIS

"Under Article III of the Constitution, the judicial power of the United States extends only to cases and controversies." *Wisconsin Right to Life, Inc. v. Schober*, 366 F.3d 485, 488 (7th Cir. 2004); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102, 118 S. Ct. 1003, 1016 (1998). Accordingly, and as the Seventh Circuit recently reiterated, "[i]t is fundamental to the exercise of judicial power under Article III . . . that 'federal courts may not give opinions upon moot questions or abstract propositions.'" *Zessar v. Keith*, 536 F.3d 788, 793 (7th Cir. 2008) (*quoting Protestant Mem'l Med. Ctr. v. Maram*, 471 F.3d 724, 729 (7th Cir. 2006)). This justiciability requirement ensures that "cases will be litigated by those having an actual stake in the outcome and that decisions will be made in an arena of real and substantial problems to be redressed by specific solutions." *Wisconsin Right to Life, Inc.*, 366 F.3d at 488-89; *Zessar*, 536

F.3d at 793; *see also Protestant Mem'l Med. Ctr.,* 471 F.3d at 729 ("Mootness is one of the concepts that comprise the threshold issue of justiciability."). "A question of mootness arises where, as here, a challenged ordinance is [amended] during the pendency of the litigation, and a plaintiff seeks only prospective relief." *Fed'n of Adver. Indus. v. City of Chi.*, 326 F.3d 924, 929 (7th Cir. 2003); *see Zessar*, 536 F.3d at 793. Whether Evanston's amendment of Code § 9-8-2 renders this action moot is a question of law. *See Zessar*, 536 F.3d at 793; *Fed'n of Adver. Indus.*, 326 F.3d at 928-29.

Both the Supreme Court and the Seventh Circuit have repeatedly held that "repeal, expiration, or significant amendment to challenged legislation ends the ongoing controversy and renders moot a plaintiff's request for injunctive relief." *Fed'n of Adver. Indus.*, 326 F.3d at 930 (collecting Supreme Court cases); *see Zessar*, 536 F.3d at 793. "Only in cases where there is evidence that the repeal was not genuine has the Court refused to hold the case moot." *Fed'n of Adver. Indus.*, 326 F.3d at 930; *see Zessar*, 536 F.3d at 794-95. Plaintiffs have not suggested that Evanston's revision of Code § 9-8-2 was disingenuous or deceptive, or that Evanston plans to reenact the original language in the future. *Zessar*, 536 F.3d at 794-95 (concluding that the challenge to amended code was moot without "evidence . . . that the defendants are lying in wait . . . so they can reenact the Election Code as it stood prior to" litigation); *Fed'n of Adver. Indus.*, 326 F.3d at 928-29 (noting that the court would not presume that the city "has acted in bad faith – harboring hidden motives to reenact the statute after we have dismissed the case").

Moreover, Evanston's amendment to Code § 9-8-2 was significant. Although Plaintiffs attempt to downplay the amendment as "a single change," the Amended Code delivers the precise relief sought in the Complaint. (Opp. at 1, 5.) Plaintiffs alleged that the original

language of § 9-8-2 prevented Evanston residents from "lawfully obtain[ing] handguns to keep at home for lawful self-protection." (Compl. ¶ 16; *see id.* ¶ 18.) They emphasized that § 9-8-2, prior to amendment, forbade them from transporting legally-owned handguns to or through Evanston, which they sought "for self-protection and the protection of loved ones." (*Id.* ¶ 18; *see id.* ¶ 17.) In Count I, Plaintiffs explicitly alleged that "[b]ecause Evanston City Code § 9-8-2 prohibits the possession of a handgun, it infringes on the right of the people . . . to keep and bear arms." (*Id.* ¶ 23; *see also* ¶¶ 26-27 (alleging in Count II that the exemptions of § 9-8-5 discriminate against "non-exempt persons," who were prohibited from possessing handguns), ¶ 30 (alleging in Count III that § 9-8-2, "which prohibits possession of any handgun . . . violates the entitlement of persons . . . to transport firearms pursuant to 18 U.S.C. § 926A").) The Amended Code, however, no longer "prohibits the possession of a handgun" for the purpose of lawful self-protection, as challenged by Plaintiffs in the Complaint. To the contrary, it expressly permits such conduct. (Mot., Ex. A, Amended Code § 9-8-2(A).) Plaintiffs asked that we declare § 9-8-2 null and void – but it no longer exists in the form objected to in the Complaint. "Federal courts, as a rule, do not enjoin conduct which has been discontinued with no real prospect that it will be repeated." *Ragsdale v. Turnock*, 841 F.2d 1358, 1366 (7th Cir. 1988).

Plaintiffs argue that the Amended Code does not sufficiently alleviate the harms they have suffered and thus, their action is not moot. (Opp. at 5-7.) For example, they contend that they seek to vindicate not only the right to keep arms, but also the right to bear arms for any lawful purpose, beyond self-protection. (*Id.* at 6; *see* Compl. ¶ 1.) Plaintiffs' Complaint belies this argument, as it focused exclusively on Code § 9-8-2's former *prohibition* on the right to possess a handgun and repeatedly emphasized Plaintiffs' desire to keep a handgun in the home

*for protection*.  (*See, e.g.*, Compl. ¶ 20 ("As a proximate cause of . . . Code §§ 9-8-2 and 9-8-6(A) . . . Plaintiffs are subjected to irreparable harm in that they are unable to obtain handguns to protect themselves in their homes, subjecting them to endangerment from criminal intruders."); *see also id.* ¶¶ 16, 18-19, 23, 26, 30.)  Plaintiffs' argument with respect to Count II of the Complaint similarly fails.  (Opp. at 10-11.)  Plaintiffs claim that Code § 9-8-5 included several "irrational" exemptions to the prohibition on possessing firearms and that Evanston has not amended these exemptions at all.  (*Id.*; *see also* Compl. ¶¶ 26-27.)  In advancing the positions articulated in their Opposition, however, Plaintiffs ignore the critical fact that the prohibition itself has been eliminated.  As a result, we have no justiciable question before us.  *See Zessar*, 536 F.3d at 793-95; *Fed'n of Adver. Indus.*, 326 F.3d at 930.

Plaintiffs present a number of substantive arguments in their Opposition, concerning the scope of the *Heller* decision and whether the Second Amendment applies to Evanston via Fourteenth Amendment incorporation.  (Opp. at 7-10.)  While Plaintiffs are understandably eager for guidance on such issues in light of *Heller*, neither the Complaint nor Defendants' motion appropriately raise these questions.  The Complaint implicated only Code § 9-8-2 as originally drafted, but the prohibition on handgun possession therein no longer exists.

## CONCLUSION

For the reasons set forth above, Evanston's Motion to Dismiss is granted, without prejudice. To the extent that Plaintiffs intend to argue that the Amended Code violates their rights, they have 21 days from the entry of this order, though December 16, 2008 to amend their Complaint, if they so choose. It is so ordered.

                                      Honorable Marvin E. Aspen
                                      U.S. District Court Judge

Dated: November 24, 2008